

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed November 14, 2024

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-33176-sgj7 |
| REAVANS GILBERT, LLC, | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| | § | |
| DANIEL J. SHERMAN, as Chapter 7 Trustee for Reavans Gilbert, LLC, | § | |
| | § | Adversary No. 23-03098-sgj |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| REAVANS CORPORATION, TX RCG, LLC, and REAVANS CAPITAL GROUP, LLC, | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This bankruptcy case was commenced on December 23, 2020, with the filing by Reavans Gilbert, LLC ("Reavans Gilbert" or "Debtor") of a voluntary petition for relief under chapter 7 of the Bankruptcy Code, and Daniel J. Sherman was appointed as Chapter 7 trustee ("Trustee"). Currently before the court is the *Trustee's Motion for Partial Summary Judgment on Ponzi Scheme Issue* ("Motion for Partial Summary Judgment")[1] filed on August 16, 2024, in the above referenced adversary proceeding ("Action"). The Action has been referred to by the parties as the "Substantive Consolidation Adversary" because the Trustee ultimately seeks the equitable remedy of substantive consolidation of three **non-debtor** affiliates ("Non-Debtor Affiliates") of the Debtor into the bankruptcy estate of the Debtor, for purposes of administration and distribution of assets. This Action was commenced on December 27, 2023, not with the filing of a traditional complaint, but by virtue of an order from this court converting the Trustee's **motion** for substantive consolidation, that had been filed in the main bankruptcy case on September 14, 2023 ("Substantive Consolidation Motion"),[2] into an adversary proceeding, following the court's ruling at a hearing on the Substantive Consolidation Motion that due process considerations required the Trustee's request for substantive consolidation of **non-debtor** entities into the Debtor be brought by an adversary proceeding under Federal Rules of Bankruptcy Procedure 7001, *et seq.*[3] Importantly, the Non-Debtor Affiliates—the targets of the Trustee's substantive consolidation request—having been dissolved or forfeited under state law in 2021 and 2022, had not responded to the Substantive Consolidation Motion, have not filed an answer or response in this Action (or a response to the instant Motion for Partial Summary Judgment), and the Trustee has not filed a

---

[1] Dkt. No. 52.
[2] *Trustee's Motion for Entry of Order Substantively Consolidating Assets and Liabilities of Debtor and Non-Debtor Affiliates for Purposes of Administration and Distribution*. Bankr. Dkt. No. 59.
[3] *See Order Regarding Trustee's Motion for Entry of Order Substantively Consolidating Assets of Debtor with Reavans Corporation, TX RCG, LLC, and Reavans Capital Group, LLC for Purposes of Administration and Distribution*, entered on December 27, 2023. Bankr. Dkt. No. 95.

motion for entry of clerk's default as to the Non-Debtor Affiliates—the only named defendants in this proceeding. Rather, it was six entities who had been named as defendants in one of three fraudulent transfer actions (the "Fraudulent Transfer Actions")[4] commenced by the Trustee in December 2022, who initially opposed the Trustee's Substantive Consolidation Motion and who are intervenors (the "Intervenors") in this adversary proceeding, who have filed oppositions to the Trustee's Motion for Partial Summary Judgment.

In his Motion for Partial Summary Judgment, the Trustee does not seek a summary judgment on the issue of substantive consolidation; rather, as the title of his motion indicates, he is seeking a partial summary judgment on the "Ponzi scheme issue," and, more specifically, he "prays that, in each adversary proceeding where the Trustee has asserted a claim under § 548," – which the court notes does not include *this* Action – "that this Court hold, as a matter of law, that the Debtor operated a Ponzi scheme, and as such, also acted with the requisite intent to 'hinder, delay, or defraud' it's creditors under 11 U.S.C. § 548(a)(1)(A)."[5] Because the Trustee does not assert a fraudulent transfer claim in *this* Action or plead in his "complaint" in *this* Action (i.e., the converted Substantive Consolidation Motion) that the Debtor operated a Ponzi scheme or that such a finding would necessarily lead the court to grant the requested relief of substantive consolidation of the Non-Debtor Affiliates with the Debtor's bankruptcy estate—those causes of action and allegations are contained in one or more of the other actions (the Fraudulent Transfer Actions) that the Trustee apparently refers to in his prayer for relief in his Motion for Partial Summary Judgment – the court denies the Motion for Partial Summary Judgment.

---

[4] In his original complaint filed in each of the Fraudulent Transfer Actions (two years to the day from the petition date, which was the deadline for the Trustee to commence fraudulent transfer actions pursuant to Bankruptcy Code § 548 and state fraudulent transfer laws (through Bankruptcy Code § 544)), the Trustee sought the avoidance and recovery of certain transfers alleged to have been made by the Debtor under theories of both actual and constructive fraud.

[5] Motion for Partial Summary Judgment ¶ 4.

A brief discussion of the Debtor's and its non-debtor affiliates'[6] business operations and organizational structure as well as how we arrived at this point, procedurally, is necessary to explain the court's denial of the Motion for Partial Summary Judgment.

Reavans Gilbert was one of numerous special purpose entities formed under the general umbrella of an enterprise ("Reavans") owned and controlled by Nick Ichimaru ("Ichimaru") and Hiroyuki Kawata ("Kawata") that operated in real estate in California and Texas, generally working with Japanese nationals to facilitate investments relating to real estate in the United States. Reavans began with the formation of Reavans Corporation (one of the defendants in this Action) in California in October 2002. Ichimaru and Kawata each owned 50% of Reavans Corporation, with Ichimaru as president and Kawata as the registered agent and chief financial officer. Reavans Capital Group, LLC ("Reavans Capital Group"), another defendant in this Action, was formed in June 2009 as a Texas LLC. Ichimaru was the sole member of Reavans Capital Group. The third defendant in this adversary proceeding, TX RCG, LLC ("TX RCG"), was formed in March 2015 with Reavans Capital Group as its sole member and both Ichimaru and Kawata as managers. Reavans Gilbert was not formed until July 31, 2017, with TX RCG as its sole member, Ichimaru as its president, and Kawata as its secretary. TX RCG formed at least six other special purpose entities as part of the Reavans Enterprise: Reavans Annex LLC ("Reavans Annex"), Reavans Lake Avenue, LLC ("Reavans Lake Avenue"), Reavans Villa Maria LLC, Reavans Trinity Meadows LLC, Reavans Gaslight LLC, and Reavans Lakeside LLC.

With respect to Reavans' activity in Texas, there appear to have been two primary investment opportunities offered to Japanese nationals. First, various Reavans entities purchased and sold real property interests in individual condominium units to Japanese investors such that at

---

[6] The Reavans enterprise consisted of more than a dozen non-debtor affiliates, only three of which the Trustee seeks to substantively consolidate with the Debtor.

the closing of the transaction, the Japanese individual or entity would own a condominium or condominium units, and, second, funds were raised from Japanese nationals as equity-style investments in U.S.-based, single-purpose entities where the entity would acquire the real property, which would be operated and/or rehabilitated and sold, with the proceeds of the sale being distributed to the equity holders, who also received certain payments along the way.

The Debtor, Reavans Gilbert, ultimately purchased three pieces of real property in Dallas (the "Properties").  Reavans Gilbert borrowed the funds to purchase the Properties, and that debt was secured by deeds of trust on the Properties.  On November 4, 2019, Reavans Gilbert, along with two Reavans Gilbert affiliates—Reavans Annex and Reavans Lake Avenue (neither of which are the target of the Trustee's substantive consolidation efforts)—filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Northern District of Texas, Dallas Division.[7] None of the three Non-Debtor Affiliates who are defendants in this Action sought bankruptcy relief in 2019.  A sale process was undertaken regarding the real property holdings of all three debtors – Reavans Gilbert and the two Reavans entities who were debtors in their own Chapter 11 cases.  On January 31, 2020, the bankruptcy court entered an order in each of the three Reavans bankruptcy cases, approving the sale of the real property and a separate order dismissing each of the debtors' bankruptcy cases.  Ultimately, Reavans Gilbert completed a sale that satisfied certain debts secured by the Properties, but funds were not available to provide a return to the Reavans Gilbert investors upon the closing of the sale.

On December 23, 2020, Reavans Gilbert filed its second petition for relief under the Bankruptcy Code, this time, under Chapter 7.  Neither Reavans Annex nor Reavans Lake Avenue, who had been debtors in the 2019 Chapter 11 cases, filed second petitions for relief, so Reavans

---

[7] *In re Reavans Gilbert, LLC*, Bankr. Case No. 19-33705-hdh11, Dkt. No. 1; *In re Reavans Annex, LLC*, Bankr. Case No. 19-33704-hdh11, Dkt. No. 1; and *In re Reavans Lake Avenue, LLC*, Bankr. Case No. 19-33707-hdh11, Dkt. No. 1.

5

Gilbert is the only Reavans entity that is currently a debtor – the Debtor – in this bankruptcy case. As noted above, the Trustee was appointed in this bankruptcy case and charged with administering the Debtor's assets.

On December 23, 2022 (the Trustee's deadline for commencing fraudulent transfer actions), the Trustee commenced three adversary proceedings, seeking to avoid and recover from the defendants allegedly fraudulent transfers of the Debtor under theories of actual and constructive fraud (the "Fraudulent Transfer Actions"):

| Adversary Proceeding | **Fraudulent Transfer Adversary Defendants[8]** |
|---|---|
| 23-3116-sgj | Thrive Lending Fund, LLC and Thrive Lending Fund II, LLC (the "Thrive Parties"), Reavans Annex, Reavans Lakeside, LLC, Reavans Gas Light, LLC, and Reavans Lake Avenue |
| 23-3117-sgj | Wedgewood Commercial Holdings, LLC ("Wedgewood") and Hollyvale Rental Holdings, LLC ("Hollyvale") |
| 23-3118-sgj | Oyster Lincoln, LLC and Oyster Real Estate Investments, Inc. (the "Oyster Parties"), Ichimaru, Kawata, Frank Stier & Associates, LLC, TX RCG, and Reavans Corporation |

The Trustee did not raise "the Ponzi scheme issue" in the Fraudulent Transfer Actions until he filed his first amended complaint in each of the Fraudulent Transfer Actions in the Spring of 2023. In addition, the Trustee, in his first amended complaint in Adversary Proceeding 23-3118, first sought the remedy of substantive consolidation of Reavans Corporation and TX RCG into the Debtor's estate (but did not seek substantive consolidation of Reavans Capital Group, a defendant in this Action but not a defendant in any of the Fraudulent Transfer Actions).

---

[8] The court points out that Reavans Capital Group, a Non-Debtor Affiliate named as a defendant in this Action, is not named as a defendant in any of the Fraudulent Transfer Actions, whereas the other two Non-Debtor Affiliates named as defendants in this Action, Reavans Corporation and TX RCG, are defendants in Adversary Proceeding No. 23-3118.

On September 14, 2023, the Trustee filed his three-page, six-paragraph Substantive Consolidation Motion in the main bankruptcy case, requesting "that the Court enter an order substantively consolidating Debtor with non-debtor entities, Reavans Corporation, TX RCG, LLC, and Reavans Capital Group, LLC."[9] The Trustee specifically prayed "that this Court grant the Trustee's Motion for Substantive Consolidation, and enter an order: (i) substantively consolidating the Debtor with the Non-Debtor Affiliates; (ii) eliminating all intercompany claims and guaranties; [and] (iii) allowing the Trustee to jointly administer the substantively consolidated estate."[10] Neither the Fraudulent Transfer Actions nor allegations of an alleged Ponzi scheme are mentioned anywhere in the short motion. None of the Reavans entities targeted for substantive consolidation filed a response to the Substantive Consolidation Motion; in fact, the Thrive Parties, Wedgewood and Hollyvale, and the Oyster Parties were the only parties to oppose the Substantive Consolidation Motion. A hearing was held on November 13, 2023, during which the court ordered that the Trustee's request for substantive consolidation of the Non-Debtor Affiliates into the Debtor's estate must be brought as an adversary proceeding. Trustee's counsel uploaded a proposed order based on the court's oral ruling at the hearing, and, on December 27, 2023, the court signed and entered it on the docket of the main bankruptcy case,[11] ordering, specifically, that

1. The Court hereby converts the *Trustee's Motion for Substantive Consolidation* into an adversary proceeding to which Part VII of the Federal Rules of Bankruptcy Procedure shall apply.

2. The Clerk of Court shall assign this contested matter to a new adversary proceeding number (the "**Adversary Proceeding**") and issue summons and a scheduling order for service upon each of the Non-Debtor Affiliates identified in Footnote 1 hereof under FED. R. BANK. P. 7004.

3. All potential creditors of the Non-Debtor Affiliates must be served with notice of the relief requested in the Adversary Proceeding.

---

[9] Bankr. Dkt. No. 59 ¶ 2.
[10] Bankr. Dkt. No. 59 ¶ 6.
[11] Bankr. Dkt. No. 95.

7

A copy of the Substantive Consolidation Motion was entered on the docket of the main bankruptcy case[12] and also entered on the docket of the newly created adversary proceeding[13] as the "Complaint" initiating this Action. None of the Non-Debtor Affiliates named as defendants and targeted for substantive consolidation (all three of which had been dissolved or forfeited under applicable state law by this time) has appeared or filed an answer in this Action. The Trustee has not, however, filed a motion for entry of clerk's default in this adversary proceeding.

The Thrive Parties, Wedgewood and Hollyvale, and the Oyster Parties (all parties to one of the Fraudulent Transfer Actions) sought to intervene in this adversary proceeding, and the court granted their motions to intervene pursuant to agreed orders entered on March 18, 2024.[14] With no answer having been filed in this Action (by the Defendants or the Intervenors), the Trustee filed his Motion for Partial Summary Judgment on August 16, 2024, which he titled *Trustee's Motion for Partial Summary Judgment on Ponzi Scheme Issue* and wherein he seeks a summary judgment in his favor "on whether the Debtor operated a Ponzi scheme," specifically praying, as noted above, that "in each adversary proceeding where the Trustee has asserted a claim under § 548, that this Court hold, as a matter of law, that the Debtor operated a Ponzi scheme, and as such, also acted with the requisite intent to 'hinder, delay, or defraud' it's creditors under 11 U.S.C. § 548(a)(1)(A)."

The Intervenors filed a *Joint Response Opposing Trustee's Motion for Partial Summary Judgment on Ponzi Scheme Issue* ("Joint Response")[15] and brief in support ("Joint Response Brief")[16] on September 13, 2024. The Intervenors oppose the Trustee's Motion for Partial

---

[12] Bankr. Dkt. No. 96.
[13] Dkt. No. 1.
[14] *See* Dkt. No. 36 (with respect to the Thrive Parties and Wedgewood and Hollyvale) and Dkt. No. 40 (with respect to the Oyster Parties). The intervening parties will be referred to, collectively, as the "Intervenors."
[15] Dkt. No. 58.
[16] Dkt. No. 59.

Summary Judgment based on several grounds, including that (1) the Trustee has asked for a partial summary judgment on an issue that is not before the court in *this* adversary proceeding and therefore the "issue" cannot be considered or adjudicated by the court; (2) even if the Ponzi scheme issue had been sufficiently pleaded in this adversary proceeding (as opposed to the Fraudulent Transfer Actions), it should be denied because "[t]he issue of whether and to what extent a Ponzi scheme has been perpetrated is a fact-intensive inquiry" and those facts are disputed such that the issue would need to go to trial; (3) "there are material and fatal proof problems with the summary judgment evidence the Trustee relies on—namely an insufficient and unsupported declaration and report of a purported expert"; and (4) consideration of the Motion for Partial Summary Judgment "is premature for so long as discovery remains outstanding and/or deficient."[17]

The court agrees with the Intervenors that the Trustee seeks a partial summary judgment on issues that are outside of the scope of the operative complaint here – that the Trustee's fraudulent transfer claims and Ponzi scheme allegations have not been pleaded in the live complaint in *this* adversary proceeding, which is the three-page Substantive Consolidation Motion filed in the main bankruptcy case that was converted to the complaint in this Action, and that the issue is, thus, not properly before the court for its consideration or adjudication under Rule 56 of the Federal Rules of Civil Procedure regarding motions for summary judgment. Intervenors argue in their Joint Response Brief that it is well-settled law that "'[s]ummary judgment cannot be entered on a claim not pleaded in the complaint, as that claim is not fairly before the Court.'"[18] The Intervenors also cite to Northern District of Texas cases for the propositions that an unpleaded claim cannot form

---

[17] *See* Joint Response ¶¶ 1-4.
[18] Joint Response Brief ¶ 31 (quoting *Wildhorse Res. Mgmt. Co. v. G&C Constr. Int'l, LLC*, No. H-18-2456, 2019 WL 5684228, at *7 (S.D. Tex. Oct. 31, 2019)) (cleaned up).

the basis for obtaining summary judgment[19] and that, generally speaking, "An unpleaded claim is not before the Court and cannot be considered or adjudicated by the Court."[20] The Trustee did not file a reply brief here and so has not cited, nor has the court been able to find, case law that suggests a different result must obtain.[21]

The Trustee here is asking for a partial summary judgment on an issue that he has not pleaded in *this* Action but that he has pleaded in the Fraudulent Transfer Actions by asking for a judgment "in each adversary proceeding where the Trustee has asserted a claim under § 548, that this Court hold, as a matter of law, that the Debtor operated a Ponzi scheme, and as such, also acted with the requisite intent to 'hinder, delay, or defraud' it's creditors under 11 U.S.C. § 548(a)(1)(A)." The Trustee cannot obtain a summary judgment on, and the court cannot consider or adjudicate, an unpleaded claim or issue. Thus, the court must deny the Trustee's Motion for Partial Summary Judgment on this basis and will not consider the Intervenors' other bases for opposing the motion that are grounded in the substantive application of Rule 56. Accordingly,

**IT IS ORDERED** that the Trustee's Motion for Partial Summary Judgment be, and hereby is, **DENIED**.

*###End of Memorandum Opinion and Order###*

---

[19] Joint Response Brief ¶ 31 (quoting *Kirkindoll v. Nat'l Credit Union Admin. Bd.*, No. 3:11-CV-1921-D, 2014 WL 7178005, at *7 (N.D. Tex. Dec. 17, 2014) ("A movant can neither obtain summary judgment nor avoid the opposing party's summary judgment motion based on an unpleaded claim.")).
[20] Joint Response Brief ¶ 31 (citing *Waller v. Hoeppner*, No. 4:15-CV-670-P, 2021 WL 9508395, at *1 (N.D. Tex. Apr. 9, 2021)).
[21] In fact, Judge Fitzwater, who penned the *Kirkindoll* opinion, recently (just days ago) cited to the quoted language from *Kirkindoll* in denying a party's motion for summary judgment on an unpleaded defense. *Utica Mut. Ins. Co. v. Hanover Ins. Co.*, No. 3:23-cv-2306-D, 2024 WL 4703089, at *4 (N.D. Tex. Nov. 5, 2024). He also noted that his 2006 opinion in *Jacobs v. Tapscott*—wherein he stated, "[Parties] cannot avoid summary judgment, however, based on unpleaded claims."—had been affirmed by the Fifth Circuit on appeal. *Id.* (citing *Jacobs v. Tapscott*, 2006 WL 2728827, at *8 (N.D. Tex. Sept. 25, 2006), *aff'd* 277 F. App'x 484 (5th Cir. 2008)).